**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| E.P., <br><br>    *Plaintiff*, <br><br> v. <br><br> G6 HOSPITALITY, LLC, *et al.*, <br><br>    *Defendants*. | Case No. 1:26-cv-02610-TWT-RDC |

**A.M.'S MOTION TO TRANSFER DEFENDANTS' MOTION TO COMPEL
AND FOR ORDER TO SHOW CAUSE**

Nonparty A.M., by counsel, and pursuant to Rule 45(f) of the Federal Rules of Civil Procedure, respectfully moves this Court to transfer Defendants' Motion to Compel and for Order to Show Cause to the U.S. District Court for the Eastern District of Texas. An accompanying memorandum of law supports this motion.

1

**MEMORANDUM**

## I.    INTRODUCTION

This discovery dispute arises from an action pending in the United States District Court for the Eastern District of Texas (the "Issuing Court"), which is now at an advanced stage, with discovery closed and summary judgment pending. The deposition at issue concerns a nonparty percipient witness whose testimony relates directly to the claims and defenses in that action.

Defendants G6 Hospitality LLC, G6 Hospitality LLC, and Motel 6 Operating L.P. ("Defendants") have moved to compel further responses to three deposition questions and have raised additional issues concerning counsel's representation. Resolution of these matters overlaps with issues already addressed or pending before the Issuing Court, including the scope of relevant testimony and the management of discovery.

Nonparty witness A.M. consents to transfer of this dispute to the Issuing Court.[1] This consent and the close connection between the discovery dispute, as well as the underlying litigation, support transfer under Rule 45(f), as transfer would promote efficiency and consistency in resolving these matters.

---

[1] Through conferral, Defendants have stated they "oppose any motion to transfer."

## II.   BACKGROUND

The underlying action, pending in the Eastern District of Texas, involves allegations that Defendants are liable for sex trafficking that occurred at their hotel. Plaintiff alleges that she was trafficked at the hotel while a minor. The nonparty witness, A.M., is a percipient witness to events at issue in the case and has provided a sworn statement based on her firsthand knowledge. Defendants subpoenaed A.M. for deposition in connection with discovery in the Texas action. Her deposition took place on March 27, 2026, shortly before the close of discovery, and lasted approximately 2.5 hours.

During the deposition, A.M. answered questions regarding her knowledge of the case and her prior statement. Limited objections were asserted to protect privileged communications. Defendants' motion to compel concerns three questions arising from that deposition.

Discovery in the underlying case closed on April 1, 2026. Defendants filed a motion for summary judgment on April 30, 2026, which remains pending before the Issuing Court. Defendants filed the present motion shortly thereafter. The issues raised by this subpoena dispute relate to testimony and discovery conduct in the underlying action, and the nonparty witness has consented to having those issues resolved by the Issuing Court.

3

## III.  ARGUMENT

Under Rule 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Here, A.M. consents to and affirmatively requests transfer to the Eastern District of Texas. *See* Declaration of Jonathan Tonge, attached hereto as **Exhibit A**. Because this is all that Rule 45(f) requires, transfer should be granted. *See, e.g., PharmaCare U.S., Inc. v. Season 4, LLC*, No. 3:23-CV-01318-JES-AHG, 2024 WL 2301407, at *2 (D.N.J. May 21, 2024) ("Here, Season 4 expressly consents to this Court transferring the motion to the Southern District of California, the court that issued the subpoena. This alone provides sufficient grounds to transfer the motion under Rule 45(f), which permits transfer on the consent of the nonparty "or" on a finding of exceptional circumstances. PharmaCare's objection to the transfer, then, is of little import, since Rule 45(d)'s purpose is "[t]o protect local nonparties"—not the serving party—and Rule 45(f)'s unambiguous language means that "consent of the person subject to the subpoena is sufficient to permit transfer to the issuing court"); *Mirza v. Yelp, Inc.*, No. 21-MC-80077-TSH, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021) ("Rule 45(f) presents no bar whatsoever to the return of the matter to the Issuing Court where [...] the nonparties subject to the subpoena consent to the transfer"); *San Juan Cable LLC v. DISH Network LLC*, No. CV

14MC00261RMMJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) ("Here, DISH has not only consented but has affirmatively requested transfer. Thus, the Court need not consider whether the case presents "exceptional circumstances").

The circumstances of this dispute also support transfer, as "exceptional circumstances" exist. Fed. R. Civ. P. 45(f). When analyzing transfer, courts look at whether the issuing court is better positioned to decide the dispute and whether keeping the dispute here would interfere with how the underlying case is being handled. *Shahshahani v. Amin*, 2023 WL 12238810, at *2 (N.D. Ga. Oct. 27, 2023); *In re Thomas Horstemeyer, LLP*, No. 123CV04966WMRLTW, 2023 WL 8845824, at *4 (N.D. Ga. Nov. 8, 2023); Fed. R. Civ. P. 45(f) Advisory Committee Notes (2013). Those considerations also favor transfer here.

First, the underlying action is at an advanced stage. Discovery has closed, and a motion for summary judgment is pending before the Eastern District of Texas. Resolving a discovery dispute at this stage risks interfering with that court's management of the case, particularly where the issues concern deposition testimony from a percipient witness tied to the merits. *See, e.g., In re Qualcomm Inc.*, No. 3:24-CV-00622-H-VET, 2025 WL 42508, at *4 (S.D. Cal. Jan. 7, 2025) (granting motion to transfer and observing that "[c]ritically, fact discovery in the Underlying Litigation closed prior to TOT filing the Motion to Compel, and there is no representation that any party sought to reopen discovery to accommodate the

5

discovery sought in the Motion to Compel. With discovery closed, a ruling on the Motion to Compel risks disrupting the [issuing court's] management of the Underlying Litigation moving forward"); *Akkawi v. Sadr*, No. 23CV2168-W(BLM), 2024 WL 390055, at *3 (S.D. Cal. Jan. 30, 2024) ("[Transfer] decision is further supported by the fact that discovery in the underlying case has closed and a discovery ruling in this matter could disrupt the issuing court's management.").

Second, the issues raised in the motion to compel are intertwined with the underlying litigation. The dispute concerns the scope and adequacy of deposition testimony from a witness with firsthand knowledge of the events at issue, as well as objections grounded in privilege and the role of counsel during discovery. Resolution of these matters requires context about the claims, defenses, and discovery record in the Texas action. The Issuing Court is familiar already with this context. *See, e.g., Kompan A/S v. Bliss Products and Services, Inc*., No. 1:24-CV-02617-TWT-JEM, 2024 WL 4251291, at *2 (N.D. Ga. Aug. 27, 2024), report and recommendation adopted, No. 1:24-CV-02617-TWT, 2024 WL 4649348 (N.D. Ga. Sept. 23, 2024) (granting motion to transfer and observing that "the Texas Litigation has been pending for almost three years. Discovery has expired, all parties have filed motions for summary judgment, and trial was recently postponed […] This duration and procedural posture weigh in favor of transferring the motions to the Texas court.").

6

Third, the posture and nature of the dispute favor centralized resolution. The deposition occurred pursuant to the Issuing Court's scheduling order and just days before the close of discovery. The challenged questions have already been addressed during the deposition or through the parties' meet-and-confer process, and Defendants' motion was filed only after discovery closed and summary judgment briefing commenced. In addition, the ultimate relief Defendants seek—disqualification of counsel's representation of A.M.—carries potential repercussions for the trial in Texas, where A.M. is expected to testify, and is therefore more appropriately addressed by that court. In these circumstances, the Issuing Court is better positioned to determine whether further discovery is warranted and how, if at all, it would affect the pending dispositive motion. *See, e.g. In re Early*, No. 221CV00029SCJJCF, 2021 WL 2636020, at *2 (N.D. Ga. Apr. 20, 2021) (granting motion to transfer and observing that the "underlying case […] has been pending for almost three years, since June 2018, and that Court has already resolved a motion to dismiss, a motion to compel arbitration or transfer venue, and multiple discovery disputes" and noting moreover that motion involves resolution of contested privilege claims); *Jacobs v. Adv. Dermatology & Skin Cancer Specialists PC*, No. MC-23-00032-PHX-DWL, 2023 WL 8185701, at *7 (D. Ariz. Nov. 27, 2023) (granting motion to transfer and observing that "[y]et another exceptional circumstance supporting transfer is that Desert Dermatology's objections to the subpoena include

7

attorney-client privilege and employee privacy claims."); *Kompan A/S and Kompan Inc. v. Dominica Recreation Products, Inc*., No. 6:24-MC-13-PGB-DCI, 2024 WL 4287140, at *3 (M.D. Fla. July 8, 2024), report and recommendation adopted sub nom. *Kompan A/S v. Dominica Recreation Products, Inc.*, No. 6:24-MC-13-PGB-DCI, 2024 WL 4287115 (M.D. Fla. Aug. 14, 2024) (granting motion to transfer and observing that "the underlying case has been pending for years and has been heavily litigated through summary judgment. The discovery deadline has passed and until recently the parties were on the eve of trial. The undersigned, therefore, recommends that the duration and procedural posture weigh in favor of transferring the Motion").

Finally, transfer avoids the inefficiencies and risks identified in the 2013 Advisory Committee Notes—namely, duplicative judicial effort and the possibility of inconsistent rulings on issues bearing on the same case. When the issuing court is already managing closely related issues, "the best course of action is to transfer the matter back to its source." *Shahshahani*, 2023 WL 12238810, at *2.

Because the nonparty consents and the Issuing Court is better positioned to resolve this dispute, transfer to the Eastern District of Texas is appropriate, and the magistrate has full power to effect that transfer without further delay.  *See, e.g., Buchanan v. PCC Airfoils, LLC,* No. 1:20-CV-4108-TCB-CCB, 2021 WL 5445458, at *2 n.1 (N.D. Ga. Feb. 8, 2021)*; Miller Constr. Equip. Sales, Inc. v. Clark Equip. Co.*, No. 1:15-CV-00007-HRH), 2016 WL 447717, at *6 (S.D. Ga.

Feb. 4, 2016) ("Courts are in agreement that Rule 45(f) motions to transfer fall within the gambit of non-dispositive matters properly determined by a magistrate judge" and "[t]he nondispositive nature of the resulting order is not altered by the fact that a Rule 45(f) motion to transfer comes before the Court in the context of a miscellaneous action based entirely on the disputed subpoenas, even though the resolution of the motion to transfer may be dispositive of the miscellaneous action and result in the administrative closing of that case.")

## IV.    CONCLUSION

For the foregoing reasons, this Court should grant A.M.'s Motion and transfer Defendants' Motion to Compel and for Order to Show Cause to the U.S. District Court for the Eastern District of Texas.

Respectfully submitted this 15th day of May 2026,

By:     __/s/ Peter B. Rutledge__
Peter B. Rutledge
Georgia Bar Number:  955349
TAFT STETTINIUS & HOLLISTER LLP
3343 Peachtree Rd NE
1600 Atlanta Financial Center
Atlanta, GA 30326
T: 404 364 3176
F: 404 365 9532
brutledge@taftlaw.com
*Counsel for Andersen, Tate & Carr P.C.*

9

Patrick J. McDonough
Georgia Bar Number:  489855
Jonathan S. Tonge
Georgia Bar Number: 303999
Jennifer M. Webster
Georgia Bar Number: 760381
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, GA 30097
T: 770 822 0900
F: 770 822 9680
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
jwebster@atclawfirm.com
*Counsel for Nonparty A.M.*

## CERTIFICATE OF COMPLIANCE

Under Local Rule 7.1(D), I hereby certify that the foregoing complies with the applicable font type, size and margin requirements and is formatted in Times New Roman 14-point font.

_____/s/ Peter B. Rutledge_____

## CERTIFICATE OF SERVICE

I hereby certify that on 15 May 2026, I caused the foregoing document to be served on the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record.

_____*/s/ Peter B. Rutledge*_____