**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| E.P. | |
| *Plaintiff*, | |
| v. | Case No. 1:26-cv-02610-TWT-RDC |
| G6 Hospitality, LLC;<br>G6 Hospitality Property, LLC;<br>Motel 6 Operating, L.P., | |
| *Defendants*. | |

**OPPOSITION TO MOTION TO TRANSFER**

Counsel for Plaintiff E.P. had an agent contact Respondent about this case, solicited an attorney-client relationship with her, manufactured and produced her declaration, and then, at a deposition in this District improperly instructed her not to answer questions about that declaration on privilege grounds. Worse still, at the deposition, Respondent testified that Plaintiff had lied under oath when she accused her of a federal crime—evidencing a clear conflict of interest between the two. Accordingly, Defendants have filed a Motion to Compel and for Order to Show Cause in this District—as required under Federal Rule 37(a)(2). Respondent's Counsel now seeks to transfer this Motion to . . . the Eastern District of Texas.

Counsel has refused to explain how it is suddenly in Respondent's interests to litigate this Motion 710 miles away from her home district. More fundamentally, even assuming Rule 45(f) applies here, a transfer is unwarranted. Respondent is a

1

non-party resident of Georgia who was deposed in this District. Respondent's Counsel also reside here and remain subject to the Georgia Rules of Professional Conduct with respect to the apparent conflicts at issue. And the questions presented here—whether instructions not to answer were improper, privilege has been waived, and a conflict of interest exists—are serious but straightforward and this Court is better positioned to decide them.

## BACKGROUND

In the underlying litigation, Plaintiff E.P. produced declarations from women who claim they were engaged in commercial sex at a Motel 6 located in Tucker, Georgia. Defendants understandably sought to depose each of them. On January 16, 2026, Defendants requested from Plaintiff the declarants' contact information, pursuant to Rule 26. Defendants then learned that Patrick McDonough and Jonathan Tonge of Andersen, Tate & Carr—Counsel for Plaintiff E.P.—*also* represent Respondent ("Counsel"). Counsel accepted service of the subpoena for Respondent on her behalf and her deposition was confirmed for March 27, 2026. *See* Defs.' Memo. in Support of Mot. to Compel and for Order to Show Cause, Dkt. 4.

Counsel then insisted that the deposition occur at their Office in this District, arguing that Respondent could not even be deposed across town:

> This is not about convenience, it is about harm prevention to, here, a third-party witness. Some of the factors that help trauma victims feel safe include feeling a sense of control over and familiarity with the physical space, having a safe room where the trauma victim feels they

2

> have privacy and control away from any perceived antagonistic party; and providing the survivor with free choice about spaces and their physical and psychological safety that an unknown and uncontrollable office environment do not.
>
> . . . .
>
> Demanding a deposition occur at a new and strange environment triggers that same sense of a lack of control, which triggers distress, anxiety, and makes providing the testimony Defendant seeks much more difficult and traumatic than it needs to be. A familiar environment increases physical and emotional self-regulation, the accuracy of testimony, and the ability to participate more meaningfully than in a fight or flight psychological state triggered by an unfamiliar environment. (If you would like to read more on this, there are some excellent resources here, here, here, here, and here. This book is very good as well.)

Ex. 1 (Decl. of Cristina Perez Soto) at ¶ 3, Ex. A (internal links omitted). Defendants honored this request and deposed Respondent at Counsel's Office in this District. *Id.*

At the deposition, Counsel improperly instructed Respondent not to answer multiple questions going to the heart of the declaration they had solicited and constructed. Dkt. 4 at 3–4. Respondent also testified that Plaintiff E.P. had lied under oath by saying that Respondent had posted E.P.'s number on Backpage.com while E.P. was a minor. *Id.* at 5. And Respondent testified that E.P. had accused her of committing a federal crime. *Id.* That only confirmed the real concerns about a conflict of interest in Counsel's dual representation of E.P. and Respondent. *Id.*

For these reasons, Defendants have filed a Motion to Compel and for Order to Show Cause in this District. Respondent's Counsel now moves to transfer the Motion to the Eastern District of Texas.

**ARGUMENT**

The Federal Rules provide that when "a deponent fails to answer a question asked under Rule 30 or 31," "a party may move for an order compelling [an answer]." Fed. R. Civ. P. 37(a)(1), (a)(3)(B)(i). Critically, "[a] motion for an order to a nonparty *must* be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2) (emphasis added). Here, Defendants deposed Respondent—a non-party in the underlying case—at Respondent's Counsel's Office in the Northern District of Georgia. As a result, Defendants were *required* to bring their Motion to Compel and for Order to Show Cause in this District. *See Barr v. Giveffect, Inc.*, 2022 WL 22867341, at *1 (N.D. Ga. Oct. 6, 2022) (Cannon, M.J.); *see also, e.g.*, *Terraform Labs. Pte. Ltd. v. Citadel Sec., LLC*, 2023 WL 8679668, at *7 (S.D. Fla. Nov. 17, 2023) (granting motion to compel under Fed. R. Civ. P. 37(a)(2), even though the underlying case remained pending in S.D.N.Y.); *Disability Law Claims, P.A. v. IM Sols., LLC*, 312 F.R.D. 436, 438 (N.D. Tex. 2015) (denying motion to compel because "without a subpoena or deposition notice properly requiring [the witness's] attendance at a deposition at a location in this district, this Court ha[d] no authority to [grant relief]" "under Rule[] 37(a)(3)(B)(i)" or otherwise).

Despite having previously represented that a deposition anywhere other than at Counsel's Office in this District might "harm" Respondent, Counsel now claims that this Court should, on account of "consent" or "exceptional circumstances,"

4

transfer this Motion to the Eastern District of Texas under Federal Rule 45(f).  They have failed to carry their burden.

**A.**  Respondent's apparent "consent" is not sufficient.  Initially, it is doubtful that a non-party's "consent" bears on a motion to compel under Rule 37(a)(3)(B).  Federal Rule 45(f) by its terms applies to "a motion *under this rule*."  Fed. R. Civ. P. 45(f) (emphasis added); *see id.* adv. comm. notes (noting that the "motions under this rule" include those "[u]nder Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B)").  While Rule 37(b)'s sanctions provision also contemplates that "a deposition-related motion" may be "transferred to the court where the action is pending," Fed. R. Civ. P. 37(b)(1) & adv. comm. notes, it does not incorporate Rule 45(f)'s "consent" language.  *Cf. Hill v. Todd A. Ruck, Inc.*, 2021 WL 9032375, at *2 (N.D. Ga. Oct. 13, 2021) (distinguishing Rule 37(a)(3)(B) motions from Rule 45(g) motions).

Even assuming this provision applies, however, it does not justify a transfer in this case.  Regardless of consent, "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."  9 MOORE'S FEDERAL PRACTICE – CIVIL § 45.53.  Indeed, there are many cases where courts do not transfer motions even when the subpoenaed party consents.  *See, e.g.*, *Extrusion Machinery & Equip., Inc. v. Ameriform Acquisition Co., LLC*, 2016 WL 2736008, at *2 (S.D. Ind. May 11, 2016); *Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*, 160 F. Supp. 3d 574, 579 (S.D.N.Y. 2015); *In re Subpoena of Am. Nurses Ass'n*, 788 F.

Supp. 2d 444, 446 (D. Md. 2011) (all denying consenting non-parties' requests to transfer).

In *Extrusion Machinery*, for instance, the court refused to grant the consenting nonparty's transfer request because "the resolution of the motion to compel [was] not dependent on familiarity with the issues being litigated in the issuing court" and "resolution of the motion" would not "impinge on the issuing court's management of the underlying litigation." 2016 WL 2736008, at *2 (citing Fed. R. Civ. P. 45(f) adv. comm. notes). In *Lima*, the court refused to transfer because the other court had "not issued any rulings on th[e] particular issue" presented. 160 F. Supp. 3d at 580. And in *American Nurses Association*, the court refused to transfer because it had already "ruled on a related subpoena dispute." 788 F. Supp. 2d at 446.

Just so here. The Motion to Compel and for Order to Show Cause presents three serious but straightforward questions under the Federal Rules of Civil Procedure and the Georgia Rules of Professional Conduct. Were the instructions not to answer improper? Has privilege been waived? And is there a conflict of interest? *See* Dkt. 4. Resolution of these issues does not "depend[] on familiarity with the issues being litigated" in Texas and would not threaten the "underlying litigation." *Williams*, 2016 WL 2736008, at *2. The Texas court has "not issued any rulings" on the issues presented—or any substantive rulings at all. *See Lima*, 160 F. Supp. 3d at 580; *see generally E.P. v. G6 Hosp. LLC, et al.*, Case No. 4:24-cv-00216 (E.D. Tex.).

6

And this Court is more familiar with the Georgia Rules of Professional Conduct. *See Am. Nurses Ass'n*, 788 F. Supp. 2d at 447; N.D. Ga. R. 83.1(C).

Given the apparent conflict of interest at play, moreover, this Court should view Counsel's bare assertion of Respondent's "consent[]" "by and through Counsel" with skepticism. *See* Decl. of Jonathan Tonge, Mot. Ex. A at 1 ("Non-party witness A.M., by and through Counsel, hereby consents to the jurisdiction of the Eastern District of Texas…."). Indeed, before the apparent conflict came to light, Counsel represented that a deposition anywhere other than their Office in this District—even 25 miles down Interstate 85—would threaten "harm" to Respondent. *See supra.* Counsel has since refused to articulate any possible interest that Respondent has in "affirmatively … transfer[ring]" this dispute 710 miles away from her home—subjecting her to the Texas court's jurisdiction and any hearing that may result. Mot. at 4; *see* Ex. 1 at ¶ 4, Ex. B (describing Counsel's refusal to articulate during the meet-and-confer). *See also* Fed. R. Civ. P. 45(f) adv. comm. notes (noting that "local resolution of disputes about subpoenas" "protect[s] local nonparties").

**B.** "Exceptional circumstances" do not exist either. "The proponent of the transfer bears the burden of showing exceptional circumstances, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." 9 MOORE'S FEDERAL PRACTICE – CIVIL § 45.53. "In fact, transfer should not be a matter of course, but should be the exception." *Id.*

Defendants agree that courts generally consider "whether the issuing court is better positioned to decide the dispute and whether keeping the dispute here would interfere with how the underlying case is being handled." Mot. at 5. "Other district courts have transferred actions for these two reasons." *Woods ex rel. United States v. SouthernCare, Inc.*, 303 F.R.D. 405, 408 (N.D. Ala. 2014). Conversely, "courts have refused to transfer subpoena-related motions when these circumstances are not present." *Id*. But Defendants disagree on Counsel's application of this rule; and none of Counsel's cited parentheticals describes a case like this one. Mot. at 5–9.[1]

*First*, as explained above, the issuing court is not "better positioned to decide the dispute." Mot. at 5. The Motion to Compel and for Order to Show Cause has nothing to do with "the claims, defenses, and discovery record in the Texas action." Mot. at 6. On the contrary, "resolution of the motion" is "not dependent on familiarity with the issues being litigated in the issuing court." *Extrusion Machinery*, 2016 WL 2736008, at *2 (citing Fed. R. Civ. P. 45(f) adv. comm. notes); *see*

---

[1] For example, unlike *Qualcomm*, *Akkawi*, and *Kompan*, discovery remains open by stipulation as to trial depositions. *In re Qualcomm Inc.*, 2025 WL 42508, at *4 (S.D. Cal. Jan. 7, 2025); *Akkawi v. Sadr*, 2024 WL 390055, at *3 (S.D. Cal. Jan. 30, 2024); *Kompan A/S v. Bliss Prods. & Servs., Inc.*, 2024 WL 4251291, at *2 (N.D. Ga. Aug. 27, 2024), *R&R adopted*, 2024 WL 4649348 (N.D. Ga. Sept. 23, 2024). Unlike *Early*, the Texas court has not resolved any discovery disputes (or any disputes at all) and the privilege dispute does not "force the decisionmaker in this motion to compel to delve into the merits of [the] underlying [] claims." *In re Early*, 2021 WL 2636020, at *3 (N.D. Ga. Apr. 20, 2021). And unlike *Jacobs*, the Texas court is not "currently overseeing a related discovery dispute involving privilege assertions." *Jacobs v. Advanced Dermatology & Skin Cancer Specialists PC*, 2023 WL 8185701, at *7 (D. Ariz. Nov. 27, 2023).

*generally* Dkt. 4. And *this Court* is "better situated to resolve the discovery dispute" insofar as it relates to the Georgia Rules of Professional Conduct. *See Am. Nurses Ass'n*, 788 F. Supp. 2d at 446; N.D. Ga. R. 83.1(C).

*Second*, as also explained above, resolving this motion would not "interfere with how the underlying case is being handled." Mot. at 5. On the contrary, the Texas court has "not issued any rulings" on the issues presented. *Lima*, 160 F. Supp. 3d at 580. While "a motion for summary judgment is pending," Mot. at 5, its resolution does not depend on whether Counsel gave improper instructions not to answer or has a conflict of interest or the like. *See E.P.*, Case No. 4:24-cv-00216 (E.D. Tex.), Dkts. 164–65. And while "discovery is closed" for most purposes, Mot. at 5, it remains open by stipulation with respect to trial depositions—which is partly why Defendants filed this Motion even after moving for summary judgment. *See* Ex. 1 at ¶ 5, Ex. C (attaching the parties' stipulation).

Respondent's Counsel does not otherwise bother to explain what "potential repercussions for the trial in Texas" exist. Mot. at 7. But this, too, is hardly an "exceptional circumstance." Indeed, it is always the case that another court's ruling might have "repercussions" in the underlying case. Yet the Federal Rules still provide that "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2); *see* 9 MOORE'S FEDERAL PRACTICE – CIVIL § 45.53 ("transfer . . . should be the exception").

In short, then, Respondent's Counsel have not shown that there are any "circumstances"—let alone "exceptional" ones—that justify transferring the Motion to Compel and for Order to Show Cause to the Eastern District of Texas.

Respectfully submitted this 20th day of May, 2026.

By:    /s/ Craig S. Friedman
Craig S. Friedman
JONES DAY
1221 Peachtree St., N.E. Suite 400
Atlanta, GA 30361
T: 404.521.3939
F: 404.581.8330
csfriedman@jonesday.com

Ana Maria Cristina Perez Soto
(*pro hac vice* pending)
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
T: 305.714.9700
F: 305.714.9799
cperezsoto@jonesday.com

Laura Frantz
(*pro hac vice* pending)
JONES DAY
150 W. Jefferson Ave., Suite 2100
Detroit, MI 48226
T: 313.739.3939
F: 313.230.7997
lfrantz@jonesday.com

*Counsel for Defendants*
*G6 Hospitality LLC,*
*G6 Hospitality Property LLC, and*
*Motel 6 Operating L.P.*

10

## CERTIFICATE OF COMPLIANCE

Under Local Rule 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman 14-point font.

/s/ Craig S. Friedman
Craig S. Friedman

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record.

*/s/ Craig S. Friedman*
Craig S. Friedman
