**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| E.P., <br><br>    *Plaintiff*, <br><br> v. <br><br> G6 HOSPITALITY, LLC, *et al.*, <br><br>    *Defendants*. | Case No. 1:26-cv-02610-TWT-RDC |

**A.M.'S REPLY IN SUPPORT OF MOTION TO TRANSFER
DEFENDANTS' MOTION TO COMPEL AND FOR SHOW CAUSE
ORDER**

The Rule 45(f) motion to transfer is a simple matter for two reasons.

*First*, A.M. has consented. "This alone provides sufficient grounds to transfer the motion under Rule 45(f)," and Defendants' "objection to the transfer … is of little import, since Rule 45(d)'s purpose is to protect local nonparties—not the serving party—and Rule 45(f)'s unambiguous language means that consent of the person subject to the subpoena is sufficient to permit transfer to the issuing court." *PharmaCare U.S., Inc. v. Season 4, LLC*, No. 24-4074 (GC)(JBD), 2024 WL 2301407 at *2 (D.N.J. May 21, 2024) (magistrate judge) (cleaned up).

*Second*, even if A.M.'s consent did not suffice (and it does), exceptional circumstances justify transfer. Among them, discovery has closed in the underlying case, and the district judge in Texas "is in the best position to determine the

significance of this case management issue." *Beckman Coulter, Inc. v. Cytek Biosciences, Inc.*, No. 25-mc-80337-JSC, 2025 WL 3142243 at *1 (N.D. Cal. Nov. 10, 2025).

Six weeks have passed since discovery closed. Despite many opportunities, defendants *still* have not explained why they (i) filed an untimely motion to compel, (ii) did not disclose the closure of discovery to this court, and (iii) have standing to file a motion to show cause despite binding Fifth Circuit precedent holding otherwise. It's time to return these matters to the Texas, the court that issued the scheduling order and the subpoena, so the court there can address the consequences of Defendants' actions.

With briefing now complete, this court should exercise its clear (and uncontested) authority to transfer Defendants' pending motions to the Eastern District of Texas. *See, e.g., In re Qualcomm Inc.*, No. 3:24-cv-00622-H-VET, 2025 WL 42508 at *4-5 (S.D. Cal. Jan. 7, 2025) (transferring motion to compel testimonial subpoena where deposition did not yield answers to all topics that subpoenaing party sought to obtain).

Respectfully submitted this 21st day of May 2026,

By:   ___/s/ *Peter B. Rutledge*___
Peter B. Rutledge
Georgia Bar Number:  955349
TAFT STETTINIUS & HOLLISTER LLP
3343 Peachtree Rd NE
1600 Atlanta Financial Center
Atlanta, GA 30326
T: 404 364 3176
F: 404 365 9532
brutledge@taftlaw.com
*Counsel for Andersen, Tate & Carr P.C.*

Patrick J. McDonough
Georgia Bar Number:  489855
Jonathan S. Tonge
Georgia Bar Number: 303999
Jennifer M. Webster
Georgia Bar Number: 760381
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, GA 30097
T: 770 822 0900
F: 770 822 9680
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
jwebster@atclawfirm.com
*Counsel for Nonparty A.M.*

3

## CERTIFICATE OF COMPLIANCE

Under Local Rule 7.1(D), I hereby certify that the foregoing complies with the applicable font type, size and margin requirements and is formatted in Times New Roman 14-point font.

_____/s/ Peter B. Rutledge_____

## CERTIFICATE OF SERVICE

I hereby certify that on 21 May 2026, I caused the foregoing document to be served on the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record.

_____ */s/ Peter B. Rutledge*_____