IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

E.P.,

Plaintiff,

v.

G6 HOSPITALITY, LLC, *et al.*,

Defendants.

CIVIL ACTION NO.
1:26-cv-02610-TWT-RDC

## ORDER

Pending before the Court is Defendants' motion to compel and for order to show cause. (Doc. 1). Plaintiff E.P. has moved to transfer the motion to the Eastern District of Texas, where the underlying action is pending. (Doc. 17). For the reasons below, the undersigned **ORDERS** that this matter be **TRANSFERRED**.[1]

This case arises out of alleged human trafficking activity that occurred at Motel 6 located in Tucker, Georgia. (Doc. 4 at 3). On March 11, 2024, Plaintiff sued Defendants in the Eastern District of Texas, where they are headquartered. *See E.P. v.*

[1] The Eleventh Circuit has yet to rule on whether a motion to transfer venue should be treated as case dispositive, but our sister district courts in this Circuit have overwhelmingly treated the matter as non-dispositive. *See, e.g., Geico Marine Ins. Co. v. Amzim Marine Servs.*, LLC, 641 F. Supp. 3d 1292, 1305 n.4 (M.D. Fla. 2022) ("Because a motion to transfer venue does not address the merits of the case but merely changes the forum, it is a non-dispositive matter that does not require a report and recommendation."); *Kash v. Precision Spine, Inc.*, No. 1:23-cv-05665-SCJ-JKL, 2024 U.S. Dist. LEXIS 252562, at *1 n.1 (N.D. Ga. June 4, 2024) (collecting cases).

*G6 Hospitality, LLC, et al.*, 4:24-cv-00216-MJT, ECF 62 (E.D. Tex., filed Mar. 10, 2024) (the "*Texas Case*"). There, in December 2024, District Judge Sean D. Jordan denied Defendants' motion to transfer the action to the Northern District of Georgia, finding they had "failed to establish good cause for transfer" and that "the Northern District of Georgia is not a clearly more convenient venue to resolve this action." *Texas Case*, ECF No. 33 at 13–14. Instead, Judge Jordan transferred the case to District Judge Michael J. Truncale of the Beaumont Division of the Eastern District of Texas, who is presiding over a number of substantially similar cases against the same Defendants, for pretrial management. *Texas Case*, ECF No. 36. Judge Truncale subsequently denied Defendants' motion to dismiss and entered a protective order governing certain aspects of discovery. *Texas Case*, ECF Nos. 37, 39, 53.

The parties have since traded numerous motions to strike or exclude witness testimony. *Texas Case*, ECF Nos. 78, 130, 132, 150, 203, 205. Magistrate Judge Christine L. Stetson, to whom the motions were referred, has issued rulings on several of them. Among those still pending is a motion to strike the declaration of A.M., the witness at issue in Defendants' motion to compel, and to prohibit reliance on her deposition testimony. *Texas Case*, ECF No. 206. Also pending in the underlying action are Defendants' motion to strike Plaintiff's declaration and its motions for summary judgment. *Texas Case*, ECF Nos. 203, 204, 205.

Discovery in the *Texas Case* closed on April 2, 2026. *Texas Case*, ECF No. 90. On April 30, 2026, Defendants filed the present motion to compel. (Doc. 1). After

careful consideration, the undersigned concludes the Eastern District of Texas is much better positioned to resolve the present dispute than this Court. Accordingly, the best course of action is to transfer the matter back to its source.

Discovery may be obtained from non-parties pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure. Both rules allow for the court where compliance with the subpoena is required to transfer a motion to compel to the court where the underlying action is pending. *See* Fed. R. Civ. P. 37(b)(1) (discussing the imposition of sanctions after "a deposition-related motion is transferred to the court where the action is pending"); Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."); *see also JTR Enters., LLC v. An Unknown Quantity of Colombian Emeralds*, 297 F.R.D. 522, 525 (S.D. Fla. Dec. 10, 2013) ("Together, Rules 45(d)(2)(B) and 37(a)(2) direct that motions to compel compliance with subpoenas for production from non-parties must be filed with the issuing court.").

Both the bases for transfer under Rule 45 are triggered here. A.M., the nonparty witness at issue, has expressly consented to the transfer. And, in any event, the undersigned finds that the factors support a finding that exceptional circumstances justify the transfer. Although Rule 45(f) does not define "exceptional circumstances," the Advisory Committee Notes to the 2013 Amendments explain that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying

litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." 2013 Advisory Committee Notes on Rule 45(f). Courts "should look to a variety of factors to determine if the judge from the issuing court is in a better position to rule on the motion due to her familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021) (citation omitted). Those factors include "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Id.* (citation omitted).

The issues presented by Plaintiff's claims in the underlying *Texas Case* are fact-intensive and complex. What's more, the disposition of this motion will impact the scope of the pending motions for summary judgment. As mentioned earlier, Defendants have moved to strike A.M.'s declaration in the underlying case for the same reasons outlined in the motion to compel filed in this Court, arguing that Plaintiff is attempting to use it to manufacture a genuine dispute of material fact where none exists. The overlapping nature of these requests and the impact a ruling here could have on the disposition of the pending motions for summary judgment favor a transfer to the Court where the action is pending to ensure uniformity and avoid conflicting decisions regarding the same evidence. *See P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 458 (7th Cir. 2017) ("By allowing for transfers, Rule 45(f) allows for

consolidation of motions in a single appropriate court, thereby avoiding piecemeal litigation in multiple fora[.])"

Furthermore, and more broadly, the heavily litigated nature of the underlying case overall—and the issuing court's hands-on involvement throughout—further reflects why it would be most appropriate to allow the Eastern District of Texas to assess and resolve this latest dispute. The underlying case has been ongoing for over two years and has 238 docket entries as of this Order's date. Discovery has expired and the issuing court has now ruled on several other motions to strike witness declarations offered in opposition to Defendant's motion for summary judgment. This, too, weighs in favor of transfer. *See, e.g., Hyundai Motor Co. v. Hyundai Tech. Grp., Inc.*, No. 24-MC-81111-SINGHAL/MAYNARD, 2024 U.S. Dist. LEXIS 202639, *7-8 (S.D. Fla. Sept. 18, 2024) (finding that exceptional circumstances justified transferring the motion to compel in part due to the issuing court's "close involvement" in the underlying litigation); *Virnetx, Inc. v. Apple Inc.*, No. 13-80769-MC-RYSKAMP/HOPKINS, 2013 U.S. Dist. LEXIS 194146, *10 (S.D. Fla. Sept. 26, 2013) (granting transfer under Rule 45 as the issuing court because "the judge handling the underlying litigation is in the best position to make a cohesive ruling on the identical motions pending in three district courts"), *R&R adopted*, 2013 U.S. Dist. LEXIS 194148 (S.D. Fla. Nov. 18, 2013).

Finally, given its familiarity with the facts of the case, the Eastern District of Texas is not only better positioned to adjudicate the present dispute, but it can also do so more expeditiously. The undersigned is disinclined to hold the gavel on a collateral

matter when doing so could slow the main course of proceedings that a sister court has carefully shepherded for more than two years. *See* 2013 Advisory Committee Notes on Rule 45(f) ("[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation."). Relatedly, the Eastern District will no doubt be more attuned to the potential downstream scheduling effects that may (or will) result once this matter is resolved.

Accordingly, on a finding of both nonparty consent and exceptional circumstances pursuant to Rule 45(f), it is hereby **ORDERED** that this matter be **TRANSFERRED** to the **UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION**.

IT IS SO **ORDERED** on this 3rd day of November 2026.

R. Cannon

REGINA D. CANNON
United States Magistrate Judge